IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
|     Plaintiff/Respondent, | § | |
| | § | CR. No. C-11-380 |
| v. | § | (C.A. No. C-13-76) |
| | § | |
| TAYLOR CLAUNCH, | § | |
|     Defendant/Movant. | § | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Defendant Taylor Claunch's (Claunch) motion to vacate, correct, or set aside his sentence pursuant to 28 U.S.C. § 2255. D.E. 27, 28.[1].

### I. JURISDICTION

This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331.

### II. BACKGROUND

Claunch was indicted in April 2011 for eight counts of distributing and possessing child pornography in violation of 18 U.S.C. §§ 2252(a)(2), 2252(b)(1), 2252A(a)(5)(B), 2252A(b)(2), and 2256(8)(A). D.E. 1. He was arrested shortly thereafter and made his initial appearance in federal court on April 19, 2011. He was appointed counsel the same day. D.E. 7.

Claunch pled guilty pursuant to a plea agreement on June 20, 2011. Minute Entry June 20, 2011, D.E. 16. In exchange for his guilty plea to Count Two of the indictment (distribution of child pornography) and his waiver of his right to appeal or to file a motion to vacate, set aside, or correct sentence, the government agreed to recommend maximum credit for acceptance of responsibility,

---

[1] Docket entry references (D.E.) are to the criminal case.

to recommend a sentence of imprisonment within the applicable guidelines, and to dismiss the remaining seven counts of the indictment after sentencing. D.E. 16 at ¶¶ 1, 2, 8.

A Presentence Investigation Report (PSR) was prepared. D.E. 18. The base offense level for violation of 18 U.S.C. § 2252(a)(2) is 22. U.S.S.G. § 2G2.2(b)(2). Claunch's offense level was increased by 2 levels pursuant to U.S.S.G. § 2G2.2(b)(3), (A) - (E); by 4 levels because the images portrayed sadistic or masochistic conduct or other depictions of violence; by 2 levels due to the use of a computer; and by 5 levels because the number of images exceeded 600. D.E. 18 at ¶¶ 21-29. After credit for acceptance of responsibility, Claunch's total offense level was 34. Claunch had no previous criminal history. Id. at ¶¶ 34-36. His Guideline sentencing range was 151-188 months. Id. at ¶ 52.

Sentencing was held on September 20, 2011. Claunch was sentenced to 121 months in the Bureau of Prisons, 12 years supervised release, no fine, and a $100 special assessment. D.E. 23. Final judgment was signed and entered on October 3, 2011. Id. The Court adopted the PSR without change and imposed a below guideline sentence pursuant to 18 U.S.C. § 3553(a). D.E. 24. Claunch was reminded of his waiver of appeal at the time of sentencing. Minute Entry Sept. 20, 2011. He did not appeal. The Clerk received this motion pursuant to § 2255 on March 20, 2013. D.E. 27.

### III.  MOVANT'S ALLEGATIONS

Claunch's § 2255 form is difficult to read because the print is faint. He also filed a typed document that is referenced in his form. D.E. 28. In his typed document, Claunch claims that his counsel was ineffective on the grounds that counsel failed to: 1) perfect a timely appeal, 2) negotiate a plea that took into account Claunch's psychological disorders, and 3) seek a downward departure pursuant to § 5K2.13 (diminished capacity). D.E. 29 at 3-4. Claunch further claims that counsel did not confer with him about an appeal after sentencing. Id. at 4. Next Claunch claims that the Court

2

failed to take into consideration at sentencing Claunch's cooperation with state authorities against his uncle. Id. at 5.

## IV.  ANALYSIS

**A.        28 U.S.C. § 2255**

There are four cognizable grounds upon which a federal prisoner may move to vacate, set aside, or correct his sentence: 1) constitutional issues, 2) challenges to the district court's jurisdiction to impose the sentence, 3) challenges to the length of a sentence in excess of the statutory maximum, and 4) claims that the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255; United States v. Placente, 81 F.3d 555, 558 (5th Cir. 1996). "Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." United States v. Vaughn, 955 F.2d 367, 368 (5th Cir. 1992) (per curiam). Furthermore, a defendant may not raise an issue for the first time on collateral review without first showing "cause" for the procedural default, and "actual prejudice" resulting from the error. United States v. Pierce, 959 F.2d 1297, 1301 (5th Cir.1992). The "cause and prejudice standard presents a 'significantly higher hurdle'" than the plain error standard applied on direct appeal. United States v. Frady, 456 U.S. 152, 166 (1982). In addition, "a collateral challenge may not do service for an appeal." Id. at 165.

**B.        Statute of Limitations § 2255**

A motion made under § 2255 is subject to a one-year statute of limitations, which, in most cases, begins to run when the judgment becomes final.[2] 28 U.S.C. § 2255. The Fifth Circuit and the Supreme Court have held that a judgment becomes final when the applicable period for seeking review of a final conviction has expired. Clay v. United States, 537 U.S. 522 (2003); United States v. Gamble, 208 F.3d 536, 536-37 (5th Cir. 2000) (per curiam). Claunch did not appeal. His conviction became final on the last day to file a timely notice of appeal. Claunch had 14 days to file a notice of appeal. FED. R. APP. P. 4(b). His notice of appeal was due on October 4, 2011. Claunch did not file his § 2255 motion until March 13, 2013, a year and 159 days later. The § 2255 motion was late by 159 days.

Equitable tolling may allow for a late filed motion, but such exceptions to limitations are rare. United States v. Riggs, 314 F.3d 796, 799 (5th Cir. 2002) (although the limitations period for § 2255 motions is not considered a jurisdictional bar, it is subject to equitable tolling "only 'in rare and exceptional cases.'"). The party seeking equitable tolling bears the burden of demonstrating that tolling is appropriate. United States v. Petty, 530 F.3d 361, 365 (5th Cir. 2008). To satisfy his burden, Claunch must show that 1) he has diligently pursued his rights, and 2) some extraordinary circumstance stood in his way. Id.

---

[2] The statute provides that the limitations period shall run from the latest of:

  (1) the date on which the judgment of conviction becomes final;
  (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from filing by such governmental action;
  (3) the date on which the right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
  (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255.

Although Claunch requests equitable tolling in his prayer, he states no factual basis for his request. Accordingly, the Court concludes that Claunch's failure to file his § 2255 motion within the one-year limitations period requires that the motion be dismissed with prejudice as time-barred. Because the Court determines that Claunch's motion is time-barred, it does not reach the merits of his asserted grounds for relief.

## V.  CERTIFICATE OF APPEALABILITY

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). Although Claunch has not yet filed a notice of appeal, this Court nonetheless addresses whether he would be entitled to a certificate of appealability (COA). See Alexander v. Johnson, 211 F.3d 895, 898 (5th Cir. 2000)(a district court may *sua sponte* rule on a COA because "the district court that denies a petitioner relief is in the best position to determine whether the petitioner has made a substantial showing of a denial of a constitutional right on the issues before that court. Further briefing and argument on the very issues the court has just ruled on would be repetitious.").

A COA "may issue. . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "The COA determination under § 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits." Miller-El v. Cockrell, 537 U.S. 322, 336 (2003).

To warrant a grant of the certificate as to claims denied on their merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000). This standard requires a § 2255 movant to demonstrate that reasonable jurists could debate whether the motion should have

5

been resolved differently, or that the issues presented deserved encouragement to proceed further. United States v. Jones, 287 F.3d 325, 329 (5th Cir. 2002) (relying upon Slack, 529 U.S. at 483-84).

As to claims that the district court rejects solely on procedural grounds, the movant must show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack, 529 U.S. at 484.

The Court concludes that reasonable jurists could not debate the denial of Claunch's § 2255 motion on substantive grounds nor find that the issues presented are adequate to deserve encouragement to proceed. Miller-El, 537 U.S. at 327 (citing Slack, 529 U.S. at 484). Similarly, as to the claims that this Court has addressed on procedural grounds, the Court finds that Claunch cannot establish at least one of the Slack criteria. Specifically, jurists of reasons would not find this Court's procedural rulings debatable. Accordingly, Claunch is not entitled to a COA as to his claims.

## V. CONCLUSION

For the foregoing reasons, Claunch's § 2255 motion (D.E. 27, 28) is **DENIED WITH PREJUDICE** pursuant to Rule 4(b) of the 2255 Rules and he is **DENIED** a Certificate of Appealability.

It is so **ORDERED.**

**SIGNED** on this 14th day of May, 2013.

_____
JOHN D. RAINEY
SENIOR U.S. DISTRICT JUDGE